IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY W. COWENS,

      Plaintiff,                    No. CIV S-08-2730 JAM GGH P

  vs.

YOLO COUNTY DISTRICT
ATTORNEY'S OFFICE,

      Defendant.                <u>ORDER</u>

/

        Plaintiff is a county jail inmate proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding

1

month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1   In his November 13, 2008, complaint, plaintiff states that he was arrested on June 19th (presumably in 2008, although that is not made clear) for burglary, pursuant to Cal. Pen. Code § 459, and for "use of Heroin [sic]." Complaint, p. 1. On June 24th, plaintiff was sent to D.V.I., in Tracy. Id. Plaintiff states that his attorney attended a hearing on July 10th, and thereafter informed plaintiff that the District Attorney's Office in Woodland was not going to press charges and that plaintiff did not need to fill out a document he identifies as "a PC § 1381." Id.

Plaintiff was sent to Sierra Conservation Center on July 28th, and requested, on July 30th, a "PC 1381," be sent to both Sacramento County and Yolo County to make sure plaintiff did not have an outstanding hold or detainer. Id. On October 15, 2008, Yolo County placed a hold on plaintiff for burglary, the same burglary for which plaintiff had been arrested in June. Plaintiff contends that either the D.A.'s Office lie to his lawyer or his lawyer lied to him, in order that plaintiff would have to do "twice the time." Id. Plaintiff alleges that the delayed charges also have made it impossible for him to defend himself because too much time has passed and there will be a lack of witnesses for "a proper defense." Complaint, p. 2. Plaintiff states that he wants the D.A. to dismiss the state criminal charges. Id. Plaintiff includes a copy of a sheet that he identifies as the PC 1381 he sent out wherein he was apparently informed at that time that there were no holds, warrants or detainers arising from his June 19, 2008, burglary arrest (at least as of August, 2008). Complaint, p. 3.

The complaint sets forth no colorable allegations. In the first place, it is violative of Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8 sets forth general rules of pleading in the federal courts. Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Nowhere does plaintiff set forth any grounds for this court's jurisdiction over his claims.

\\\\\

In the second place, plaintiff appears to be seeking to have this court intervene in an ongoing state court criminal proceeding, which implicates the <u>Younger</u> abstention doctrine. <u>Younger v. Harris</u>, 401 U.S. 37, 46, 91 S. Ct. 746 (1971)(recognizing "the fundamental policy against federal interference with state criminal prosecutions....")

Finally, to the extent that plaintiff may seek to implicate a prosecuting attorney for violations of his civil rights, he has not done so here.  Prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976).  Determining whether a prosecutor's actions are immunized requires a functional analysis.  The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. <u>Ashelman v. Pope</u>, 793 F.2d 1072 (9th Cir. 1986)(en banc).  The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune.  Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. <u>See</u> <u>Stevens v. Rifkin</u>, 608 F.Supp. 710, 728 (N.D. Cal. 1984). Therefore, the complaint will be dismissed, but plaintiff will be granted leave to amend within thirty days.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

4

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Sheriff of Yolo County filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: January 20, 2009

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
cowe2730.bnf

5